UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DEMARCUS LAWRENCE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )    No. 17-2158-JDT-cgc |
| | ) |
| DOLLAR GENERAL COMPANY and | ) |
| CHINA HUGHES, | ) |
| | ) |
|     Defendants. | ) |

ORDER DISMISSING COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On March 8, 2017, Plaintiff Demarcus Lawrence, booking number 15111371, who is incarcerated at the Shelby County Criminal Justice Center, filed a *pro se* civil complaint. (ECF No. 1.) After Lawrence filed the required financial information, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) Lawrence sues the Dollar General Company and China Hughes, who is identified as the manager of the Dollar General store at 2245 Lamar Avenue in Memphis, Tennessee. (ECF No. 1 at 1, 2.)

Lawrence filed his complaint on the form used for commencing actions pursuant to 42 U.S.C. § 1983. In the "Statement of Claim" section of that form he wrote one

sentence: "Dollar General Company violated my privacy right on June 24, 2014." (*Id.* at 2.) In the "Relief" section of the form, Lawrence does not set out the specific relief that he seeks and states only, "I'm seeking help for the Dollar General Company violating my privacy right on June 25." (*Id.* at 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550

U.S. at 555 n.3. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Furthermore, district courts are not required to ferret out the strongest cause of action on behalf of *pro se* litigants. *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). Ultimately, a court "cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011).

Lawrence seeks unspecified relief under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Both Dollar General Company and Hughes are private parties, and Lawrence has not alleged that either acted under color of state law. Generally to be considered to have acted "under color of state law," the defendant must be a state or local government official or employee. A private party may be found to have acted under color of law only

when the party "acted together with or . . . obtained significant aid from state [or local] officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual or entity that exercises powers traditionally reserved to a state may also be considered a state actor. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). However, there are no factual allegations in Lawrence's complaint that reasonably suggest the Defendants engaged in conduct which could be considered "state action."

Even if Lawrence had alleged a plausible claim for violation of his civil rights, the complaint is time barred. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tennessee Code Annotated § 28-3-104(a)(1). *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005). Here, Lawrence claims the Defendants violated his privacy on June 25, 2014. However, he signed the complaint on March 5, 2017, almost three years later. (ECF No. 1 at 3.)

For the foregoing reasons, the complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013)

(per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES the complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Lawrence in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal in this matter by Lawrence would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Lawrence nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other*

*grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Lawrence is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Lawrence, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE